UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 10-210** |
| **ROBERT WATTS** | **SECTION: "S" (3)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Robert Watts' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (Doc. #138) is **DENIED**.

## BACKGROUND

This matter is before the court on defendant's motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence.

On September 8, 2011, the defendant, Robert Watts pleaded guilty to a two-count Bill of Information in which he was charged with conspiracy to possess with the intent to distribute 500 grams or more of cocaine hydrochloride in violation of 21 U.S.C. § 846 (Count 1), and having a prior felony conviction for the purposes of sentencing enhancement under 21 U.S.C. § 851(a) (Count 2). Watts' plea was entered pursuant to a signed plea agreement which set forth that the conviction carried a ten year statutory mandatory minimum sentence of imprisonment and a maximum sentence of life imprisonment. Watts also signed a factual basis in which he stipulated to the facts upon which the government would have relied to prove his guilt at trial.

On January 19, 2012, the court sentenced Watts to serve ten years in the custody of the Bureau of Prisons to be followed be an eight-year term of supervised release. Neither Watts nor the government filed a Notice of Appeal with the United States Court of Appeals for the Fifth Circuit.

On August 6, 2013, Watts filed the instant motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence arguing that he received ineffective assistance of counsel because his

counsel failed to file an appeal and his counsel failed to properly investigate the law and facts applicable to the case.[1] Watts claims that he did not realize that the appeal was not filed until July 30, 2013, when he called the Clerk of Court's[2] office to inquire as to the status of the appeal.

## ANALYSIS

Pursuant to 28 U.S.C. § 2255, a federal prisoner may move the court that imposed his sentence to vacate, set aside, or correct the sentence. "Section 2255 provides the primary means of collateral attack on a federal sentence [and] [r]elief under this section is warranted for any error that 'occurred at or prior to sentencing.'" Cox v. Warden, Federal Detention Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990) (quoting United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980)). Section 2255(f) provides that a one year statute of limitations applies to § 2255 motions. The limitations period runs from the latest of –

> (1) the date on which the judgment of conviction became final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the

---

[1] "Under the mailbox rule, pro se prisoner filings are deemed filed as soon as they are deposited into the prison mail system." United States v. Nyamaharo, 514 Fed. Appx. 479 (5th Cir. 2013). Watts signed his § 2255 motion on August 6, 2013. Thus, it is deemed filed on that date.

[2] It is unclear whether Watts called the Clerk of Court's office at the United States District Court for the Eastern District of Louisiana or the United States Court of Appeals for the Fifth Circuit.

> Supreme Court and made retroactively applicable to cases on collateral review[3]; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

As to subsection 1, if the petitioner did not file an effective notice of appeal, his conviction becomes final upon the expiration of the period for filing a notice of direct appeal. United States v. Plascencia, 537 F.3d 385 (5th Cir. 2008). Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure provides that a defendant in a criminal case must file a notice of appeal within 14 days after the later of the entry of either the judgment or order being appealed or the government's notice of appeal.

Watts was sentenced on January 19, 2012, and no appeal was filed. Thus, his conviction became final on February 2, 2012. Watts did not file his § 2255 motion until more than a year and a half later, on August 6, 2013. Therefore, it is untimely under § 2255(f)(1). There are no allegations that support the application of either § 2255(f)(2) or § 2255(f)(3). Further, there are no allegations that support the conclusion that Watts, even if excising due diligence, could not have discovered the facts supporting his claims that his counsel was ineffective for failing to file an appeal or failing to investigate the case until eighteen months after his conviction became final. Therefore, Watts' § 2255 motion is untimely.

Further, Watts is not entitled to equitable tolling. A movant under § 2255 is "entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." United States v.

---

[3] Subsections 2 and 3 do not apply to this matter.

Jackson, 470 Fed. Appx. 324 (5th Cir. 2012) (citations and quotations omitted).  This standard requires "reasonable diligence, not maximum feasible diligence." Id. (citations and quotations omitted).  "Equitable tolling is permissible only in rare exceptional circumstances," and is not extended "to instances of excusable neglect." Id. (citations and quotations omitted).

Watts has not provided any information that would justify equitable tolling.  There is no evidence that he was reasonably diligent in pursuing his rights because it took him eighteen months to call the Clerk of Court's office to discover that an appeal had not been filed in his case.  Therefore, Watts' § 2255 motion is DENIED as untimely.

## CONCLUSION

**IT IS HEREBY ORDERED** that Robert Watts' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (Doc. #138) is **DENIED**.

New Orleans, Louisiana, this __6th__ day of January, 2014.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**