UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 10-210** |
| **ROBERT WATTS** | **SECTION: "S" (3)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Robert Watts' Motion to Reconsider this court's order denying his motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence (Doc. #149) is **DENIED**.

On September 8, 2011, the defendant, Robert Watts pleaded guilty to a two-count Bill of Information in which he was charged with conspiracy to possess with the intent to distribute 500 grams or more of cocaine hydrochloride in violation of 21 U.S.C. § 846 (Count 1), and having a prior felony conviction for the purposes of sentencing enhancement under 21 U.S.C. § 851(a) (Count 2). Watts' plea was entered pursuant to a signed plea agreement which set forth that the conviction carried a ten year statutory mandatory minimum sentence of imprisonment and a maximum sentence of life imprisonment. Watts also signed a factual basis in which he stipulated to the facts upon which the government would have relied to prove his guilt at trial.

On January 19, 2012, the court sentenced Watts to serve ten years in the custody of the Bureau of Prisons to be followed be an eight-year term of supervised release. Neither Watts nor the government filed a Notice of Appeal with the United States Court of Appeals for the Fifth Circuit.

On August 6, 2013, Watts filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence arguing that he received ineffective assistance of counsel because his counsel failed to file an appeal and his counsel failed to properly investigate the law and facts applicable to

the case.[1]  Watts claims that he did not realize that the appeal was not filed until July 30, 2013, when he called the Clerk of Court's[2] office to inquire as to the status of the appeal.

This court denied Watts' § 2255 motion finding that the motion was untimely filed and Watts did not demonstrate that he was entitled to equitable tolling (Doc. #147).  Watts seeks reconsideration of that order, but he does not argue any facts that would change the court's analysis regarding the timeliness of the motion or the applicability of equitable tolling.[3]  Thus, Watts' motion to reconsider is DENIED.

New Orleans, Louisiana, this   3rd   day of April, 2014.

_____
MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE

---

[1] "Under the mailbox rule, pro se prisoner filings are deemed filed as soon as they are deposited into the prison mail system." United States v. Nyamaharo, 514 Fed. Appx. 479 (5th Cir. 2013).  Watts signed his § 2255 motion on August 6, 2013.  Thus, it is deemed filed on that date.

[2] It is unclear whether Watts called the Clerk of Court's office at the United States District Court for the Eastern District of Louisiana or the United States Court of Appeals for the Fifth Circuit.

[3] Watts' motion, in its entirety, states:

> COME NOW, Robert Watts, acting in pro-se capacity in his own defense. A mere layman of the law as to procedure and legal format, asking this court to accept his Motion of Objection.  Said motion of 28 U.S.C. § 2255 argues/present Jurisdictional magnitude and or Constitutional issues that can not be barred by time limits. (Kelly v. United States 29 F.3d 1107 7th Cir. 1994).

In United States v. Ceballos, 302 F.3d 679 (7th Cir. 2002), the United States Court of Appeals for the Seventh Circuit held that the notice provision of 21 U.S.C. § 851 is not jurisdictional, overruling Kelly v. United States, 29 F.3d 1107 (7th Cir. 1994).